IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK13-40623-TLS |
| | ) | |
| GREGORY S. CARDWELL and | ) | CH. 13 |
| KIMBERLY D. CARDWELL, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on August 14, 2013, on Debtors' motion to avoid lien of First State Bank (Fil. #36) with an objection filed by creditor First State Bank (Fil. #41). Philip Kelly appeared for Debtors and Adam Hoesing appeared for First State Bank. Evidence and briefs were submitted, and the matter was taken under advisement. This order contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (K).

The operative facts are not in dispute. Debtors are the owners of two motor vehicles: a 2006 Pontiac Montana and a 1992 Ford F-150 pickup. The vehicles are used by Debtors to travel to and from their respective places of employment. However, the vehicles are not otherwise used in connection with their employment. Debtors have assigned a fair market value of $800.00 to the 1992 Ford and $1,200.00 to the 2006 Pontiac. First State Bank holds a claim against Debtors in the amount of $24,466.44, which claim is secured in part by a nonpossessory, nonpurchase-money security interest in both vehicles. In amended Schedule C, Debtors claim exemptions in the vehicles in the total amount of $2,000.00.

On July 8, 2013, Debtors filed their motion to avoid the lien of First State Bank in the vehicles pursuant to § 522(f)(1)(B)(ii) of the Bankruptcy Code. First State Bank resisted, asserting that the vehicles do not constitute tools of the trade under federal law and, therefore, Debtors cannot use § 522(f) to avoid its lien. For the reasons discussed below, I agree with First State Bank and the motion to avoid lien is denied.

11 U.S.C. § 522(f) provides in pertinent part:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
> . . .
> (B) a nonpossessory, nonpurchase-money security interest in any —
> . . .
> (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor[.]

It is undisputed that First State Bank's lien is a nonpossessory, nonpurchase-money security interest. It is also undisputed that the only subcategory of property listed in § 522(f)(1)(B) potentially applicable to motor vehicles would be tools of the trade as set forth in § 522(f)(1)(B)(ii).

The dispute in this case centers on the definition of "tools of the trade." Debtors take the position that since § 522(f) deals with avoiding a lien that impairs an exemption to which Debtors would have been entitled, and since Nebraska state law exemptions apply,[1] the court should look to state exemption law to define tools of the trade. In the Nebraska exemption statute, a tool of the trade is specifically defined to "include one motor vehicle used by the debtor . . . to commute to and from his or her principal place of trade or business[.]" Neb. Rev. Stat. § 25-1556(4). First State Bank, on the other hand, argues that the state law definition is irrelevant to the interpretation of the term "tool of the trade" as used in § 522(f) of the Bankruptcy Code. Instead, First State Bank argues that the bankruptcy court should look to federal law in determining whether the motor vehicles constitute tools of the trade as contemplated by § 522(f). I agree.

A similar issue was faced by the Eighth Circuit Bankruptcy Appellate Panel in *Cleaver v. Warford (In re Cleaver)*, 407 B.R. 354 (B.A.P. 8th Cir. 2009). There, the B.A.P. defined the issue as:

> The issue on appeal is whether the debtors, who have exempted a motor vehicle under Iowa's exemption statute, are entitled to prove that the vehicle is a tool of the trade under 11 U.S.C. § 522(f)(1)(B)(ii) in order to avoid a nonpossessory, nonpurchase-money security interest in that vehicle. We hold that they are.

*Id.* at 356.

In *Cleaver*, the B.A.P. began its analysis by noting that Congress included § 522(f) in the Bankruptcy Code to allow "debtors to avoid liens on certain property that Congress deemed 'necessary to give substance to the concept of a fresh start. This property is required for the maintenance, health and welfare of the debtor and his family, and avoids literal destitution.'" *Id.* (quoting *Thorp Credit and Thrift Co. v. Pommerer (In re Pommerer)*, 10 B.R. 935, 946 (Bankr. D. Minn. 1981)). Tools of the trade were included as a class of property receiving the protection of lien avoidance. 11 U.S.C. § 522(f)(1)(B)(ii). The B.A.P. recognized that Iowa (like Nebraska in this case) had opted out of the bankruptcy exemption scheme. As a result, a debtor in Iowa or Nebraska is limited to the exemptions allowed by that state's law and federal non-bankruptcy law. Thus, the B.A.P. acknowledged that Iowa law regarding the Iowa exemption statute's use of the term "tools of the trade" would control for the purpose of determining the allowable exemptions available to an Iowa debtor. *Id.* at 357. Similarly, Nebraska law would determine the allowable exemptions

---

[1] Nebraska is an "opt-out" state and, therefore, debtors in bankruptcy can only elect state law exemptions and exemptions under federal law other than bankruptcy law.

available to the Nebraska debtors in this case.[2] However, the B.A.P. determined that federal law, not state law, determines the availability of a lien avoidance under § 522(f):

> However, lien avoidance is a federal remedy to be interpreted by the federal courts. *Heape v. Citadel Bank of Independence (In re Heape)*, 886 F.2d 280, 282 (10th Cir. 1989); *Matter of Thompson*, 750 F.2d 628, 630 (8th Cir. 1984). "Although a state may elect to control what property is exempt under state law, federal law determines the availability of a lien avoidance." *Thompson* at 630; *see also Hart v. Crawford (In re Hart)*, 332 B.R. 439, 444 (D. Wyo. 2005) ("federal law controls exemptions generally and exemption procedures"). "[T]he 'opt out' provision of § 522(b)(2)(A) allows state law to determine only what property may be exempted from the estate." *In re Graettinger*, 95 B.R. 632, 634 (Bankr. N.D. Iowa 1988).

*Cleaver* at 357.

To support its position that federal bankruptcy law determines whether a lien may be avoided, the B.A.P. looked to the United States Supreme Court case of *Owen v. Owen*, 500 U.S. 305 (1991). *Owen* held that judicial liens encumbering exempt property can be avoided under § 522(f) even "when the State has defined the exempt property in such a way as specifically to exclude property encumbered by judicial liens." *Id.* at 306. Therefore, the B.A.P. held:

> Based on the plain meaning of the statute and the *Owen* decision, we conclude that the language of the statute, "exemption to which the debtor would have been entitled under subsection (b)," does not require the exemption to be a "tool of the trade" exemption specifically, but rather any exemption under subsection (b) to which the debtor would have been entitled.

*Cleaver*, 407 B.R. at 359. More importantly, the B.A.P. stated "[t]he fact that an exemption claimed by debtors is in property that is not considered a 'tool of the trade' under state law is irrelevant to the issue of whether the lien can be avoided." *Id.* at 358. The B.A.P. remanded the case to the bankruptcy court to allow the debtors to "try to prove that the [vehicle] is a tool of the trade as a matter of federal law and that the lien impairs an exemption to which they would otherwise be entitled." *Id.* at 359. At its essence, *Cleaver* holds that the bankruptcy court must first look to see if the creditor has a nonpossessory, non-purchase money security interest in a tool of the trade as defined by federal law. If so, the bankruptcy court then looks to state law to determine if the lien impairs an exemption to which the debtors would have been entitled. The exemption can be any exemption to which the debtors would have been entitled and does not need to be a tool of the trade exemption.

---

[2]Interestingly, Nebraska law clearly defines a tool of the trade to include a motor vehicle to travel to and from a place of employment while Iowa's tool of the trade exemption has been interpreted to exclude motor vehicles.

-3-

Therefore, First State Bank is correct that Debtors must show that the vehicles are tools of the trade under federal law in order to avoid the bank's lien. Although *Cleaver* did not reach the ultimate issue of whether the vehicle in that case was in fact a tool of the trade, it did state "[t]he Eighth Circuit has adopted a test to determine whether a vehicle is a tool of the trade, and that is: 'the reasonable necessity of the item to the debtor's trade or business.'" 407 B.R. at 358 (citing *Prod. Credit Assoc. of St. Cloud v. LaFond (In re LaFond)*, 791 F.2d 623, 627 (8th Cir. 1986) (quoting *Seacord v. Commerce Bank of Blue Hills (In re Seacord)*, 7 B.R. 121 (Bankr. W.D. Mo. 1980)). In making that determination, a court should consider (1) the intensity of the debtor's past business activities; (2) the sincerity of the debtor's intention to continue the business; and (3) evidence that the debtor is "legitimately engaged in a trade which currently and regularly uses the specific implements or tools . . . on which lien avoidance is sought." *LaFond*, 791 F.2d at 626 (citations omitted). A car that is used solely for commuting is not a tool of the trade. *In re King,* 451 B.R. 884, 887 (Bankr. N.D. Iowa 2011) (stating, "It is fairly well settled that a car used only for commuting purposes cannot be considered a tool of debtor's trade.") (citations omitted).

Here, Debtors have conceded that the vehicles are used solely for personal purposes and for commuting to and from work, and are not necessary to Debtors' trade or business. Therefore, the vehicles are not tools of the trade as that term has been defined under federal bankruptcy law. Because the vehicles are not tools of the trade under the lien avoidance statute, Debtors cannot avoid the lien of First State Bank and this Court need not reach the issue of whether the lien impairs an exemption to which the Debtors are entitled.

IT IS, THEREFORE, ORDERED that the motion to avoid lien (Fil. #36) is denied.[3]

DATE: September 12, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Philip Kelly
    Adam Hoesing
    Kathleen Laughlin
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[3] I am well aware that this decision is contrary to existing lien avoidance practice in the District of Nebraska. As a result, it has been reviewed by the other bankruptcy judge in this district, the Honorable Timothy J. Mahoney, who has concurred in the result.